J. W. CALNAN CO. v. DOHERTY et al.†

(Circuit Court of Appeals, First Circuit. November 3, 1909.)

No. 831.

BANKRUPTCY (§ 71*)—ADJUDGING BANKRUPT EITHER THE REAL OWNER OR THE NOMINAL OWNER.

Where a corporation, which was the apparent owner of a business of the class which is within the purview of the bankruptcy statutes, contracting liabilities as such, is allowed to continue apparently as the principal by unknown equitable owners, creditors may sue, on the rules of the common law, against either the corporation or the unknown equitable owners when discovered. and, therefore, either may be proceeded against by an involuntary petition in bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 71.*]

Appeal from the District Court of the United States for the District of Massachusetts.

In the matter of J. W. Calnan Company, bankrupt. From an order of adjudication, the bankrupt appeals. Affirmed.

Clarence F. Eldredge, for appellant.

John H. Blanchard (M. M. Harris, on the brief), for appellee Doherty.

Before COLT, PUTNAM, and LOWELL, Circuit Judges.

PUTNAM, Circuit Judge. In this case the J. W. Calnan Company, corporation, was adjudicated a bankrupt by the District Court on an involuntary petition, and thereupon the corporation appealed to us. The adjudication was based upon a payment made to M. H. Curley & Co. The proposition urged on the District Court, and also on us, by the appellant, is as follows:

"Shortly, the appellant contends that M. H. Curley & Co. were never a creditor of it; that it never owed M. H. Curley & Co. anything, hence there could be no preference, and no act of bankruptcy; and it is confidently asserted that upon this ground alone the appellant is entitled to a reversal of the judgment of the court, adjudicating it a bankrupt."

By "it" is intended the appellant. The payment referred to was actually made by the corporation by its check on the First National Bank of Boston to the order of the creditors. Nevertheless, it is said that the real debtor was Mr. Wise. The business to which the account paid related was a retail liquor business at the store No. 321 Tremont street, in Boston, and the merchandise which the account represented was delivered at that store, which the bookkeeper for Curley testified was the store of J. W. Calnan Company, as he understood it. The case, however, is determined by applying the principle that one who credits an agent, who, by the consent or with the knowledge of his principal, is transacting the principal's business in his own name—that is, the name of the agent—may ordinarily pursue for payment the agent, or the equitable owner who lies behind the agent.

J. W. Calnan Company, the corporation, was organized under the laws of Massachusetts in January, 1902. The certificate of organiza-

tion shows that at that time it had merchandise to the amount of $2,000, fixtures to the amount of $1,500, and cash, making up in the whole $10,000. While there is no direct proof that this merchandise was the merchandise then at the store 321 Tremont street, there is enough to satisfy the court, which may draw inferences as a jury may draw them, as also the District Court might do, that this merchandise was the same stock of goods remaining, or continuing by renewal, which existed at the store No. 321 Tremont street at the dates when the transactions to which this proceeding in bankruptcy relates took place. It also appears that, at those dates, the daily cash receipts at that store, and the ordinary disbursements made there, were deposited in the name of J. W. Calnan Company in the First National Bank, and paid out on its checks. The record also fails to disclose that there was ever any transfer by J. W. Calnan Company of the stock of merchandise or business which we have described.

It is true that behind the J. W. Calnan Company there were various persons who seemed to be active in carrying on the business, and who made transfers one to the other. Among these were J. W. Calnan & Co., a copartnership, Wise, one Sullivan, and perhaps others. Nevertheless, as we have said, no transfer from the J. W. Calnan Company, the corporation, is shown by the record. Therefore we may infer, as we have also said, that the business was transacted, either purposely or by acquiescence, in the name of J. W. Calnan Company; so that whoever may have been from time to time the equitable owners of the property involved, and whatever transfers there may have been between them, the rule of law which we have stated applies, and M. H. Curley & Co., and other creditors, had the option to prosecute claims against the corporation involved here, or against the equitable owners of the stock of merchandise and business. Therefore, so far as this proposition is concerned, the adjudication was properly made.

At the last moment the proposition was made to us by the appellant that there was in fact no preference, even if the debtor was the J. W. Calnan Company. This, however, has not been submitted to us, either orally or on brief, in such a way as, if we gave consideration to it, would relieve us from making an original investigation for ourselves of the considerable proofs which the record contains. If the appellant intended to raise this point earnestly, it was its duty to have brought out the facts by brief as required by our rules. As this was not done, we decline to give this view of the case consideration.

A brief has been passed us on the question of costs; but, as the case results, whatever question there is, if any, can be settled on appeal from the taxation of the taxing master.

The judgment of the District Court is affirmed, and the appellees recover their costs of appeal.